STATE V. RISO

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**NICHOLAS A. RISO,**
**Defendant-Appellant.**

Docket No. A-1-CA-37285
COURT OF APPEALS OF NEW MEXICO
April 2, 2019

APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY, Emilio Jacob Chavez, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Peifer, Hanson & Mullins, P.A., Mark T. Baker, James Walker Boyd, Albuquerque, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction, following a jury trial, of false imprisonment. [DS 3] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 4] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm Defendant's conviction.

**{2}** Although Defendant's docketing statement challenged the sufficiency of the evidence without identifying a specific element of false imprisonment that the State failed to prove, we understood him to be challenging the knowledge element of that offense. [CN 2] Because there was circumstantial evidence of Defendant's knowledge, which is frequently not susceptible of proof by direct evidence, this Court's notice of proposed summary disposition proposed to affirm. [CN 3-4] *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." (internal quotation marks and citation omitted)). In his memorandum in opposition, Defendant continues to assert that the evidence was insufficient to establish his knowledge that his restraint of the victim in this case was without consent. [MIO 14-17]

**{3}** In doing so, Defendant suggests that his familial relationship to the victim prevented the State from establishing that knowledge. [MIO 14-15] *See State v. Smith*, 1997-NMSC-017, ¶ 9, 123 N.M. 52, 933 P.2d 851 (discussing the lawful authority of "a parent of minor children"). Defendant does not explain, however, how his status as the brother-in-law of a minor child could have supplied the necessary consent or justification for the conduct at issue in this case. Defendant offers no reason to conclude that anything resembling the parental authority at issue in *Smith* arose from his relationship to the young sister of his wife.

**{4}** In his memorandum in opposition to summary disposition, Defendant also asserts that the State failed to prove that Defendant restrained the victim in this case. [MIO 5-14] In doing so, Defendant points out that restraint cannot be established merely "by a victim's testimony that he or she felt restrained." [MIO 11] And, in this case, Defendant asserts that "the only evidence that could potentially support a finding of restraint is [the victim's] testimony that she asked [Defendant] whether he was 'finished' after he hugged her and kissed her." [MIO 14] We disagree. Instead, we hold that a reasonable jury could have found that Defendant restrained her on the basis of her testimony that he climbed into her bed and put his body on top of her body and that his weight prevented her from moving. [MIO 4, 11; DS 4]

**{5}** Thus, for the foregoing reasons, as well as those stated in our notice of proposed summary disposition, we affirm the judgment and sentence of the district court.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**